UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                   :

535-545 FEE LLC,                                         :

                Plaintiff,                                    :

        -v-                                     :         20-CV-4043 (JMF)

NBA MEDIA VENTURES, LLC,                  :            ORDER

                Defendant.                            :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff 535-545 Fee LLC brings this action against Defendant NBA Media Ventures, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of New York. *See* ECF No. 1 ("Complaint") ¶ 6. Plaintiff alleges that Defendant NBA Media Ventures LLC is a citizen of New Jersey and Delaware. *See id.* ¶ 7.

       It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp.

2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to identify the members of either Plaintiff or Defendant, instead relying on their business addresses and states of incorporation. *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before June 5, 2020, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Plaintiff and Defendant LLCs as well as the citizenship of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: May 27, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge